UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                                    Case No: 8:18-cv-525-T-30TGW

ORION BEACH DEVELOPMENT V LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 10) and Plaintiff's Brief in Opposition (Dkt. 11). The Court, having reviewed the Motion and response, and being otherwise advised in the premises, concludes that Defendant's Motion should be granted.

## BACKGROUND

Patricia Kennedy ("Plaintiff") is an individual with disabilities. She is also a "tester" for the purpose of determining whether places of public accommodation are in compliance with the Americans with Disabilities Act ("ADA"). Orion Beach Development V LLC ("Defendant") owns, operates, or leases the Gulf Towers Resort Motel ("Gulf Towers") located in Pinellas County, Florida.

Plaintiff alleges that she visited two websites with online reservation systems for Gulf Towers. The websites were located at http://reserve.premierotels.com and www.hotels.com. Plaintiff attempted to review the accessible features at Gulf Towers and determine whether they met ADA requirements, but the websites did not describe Gulf Towers' accessible features.

Plaintiff alleges that because of this absence of information, Defendant violated an ADA regulation. Defendant moves to dismiss Plaintiff's Amended Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 1, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

## DISCUSSION

The ADA requires places of public accommodation to make their services and benefits available to individuals with disabilities. *See* 42 U.S.C. § 12181 *et seq*. As it relates to hotel reservations, ADA Title III Regulation 28 C.F.R. § 36.302(e)(1) states:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs

28 C.F.R. § 36.302(e)(1).

Defendant argues that the websites Plaintiff visited are third-party websites, and 28 C.F.R. § 36.302(e)(1) does not apply to third-party websites. Defendant points the Court to a series of ADA guidelines from the DOJ titled "Title III Regulations Supplementary Information" (hereafter the "Title III Guidelines"). These Title III Guidelines revise and explain portions of the federal regulations related to the ADA.[1] Notably, the Title III Guidelines contain a section about hotels and third-party reservation providers. That section reads, in part:

> Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms. To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.

28 C.F.R. § Pt. 36, App. A.

Based on these Title III Guidelines, if Defendant made information about Gulf Towers' ADA-accessible features available to the two websites Plaintiff visited and the websites did not provide the information in accordance with the ADA regulation, Defendant would not be

---

[1] The Court takes judicial notice of the Title III Guidelines, which are codified at 28 C.F.R. Pt. 36, App. A. Fed. R. Evid. 201; *See Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

responsible for this noncompliance. In her Amended Complaint, however, Plaintiff alleged only that she visited websites which "Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains." (Dkt. 8, p. 3). This allegation is not enough to implicate Defendant for the websites' alleged noncompliance. Accordingly, the Court dismisses Plaintiff's Amended Complaint on this ground.

The Court will give Plaintiff leave to amend her Amended Complaint to allege either that Defendant itself operates or maintains the websites, or that the websites are third-party websites to which Defendant failed to provide information about Gulf Towers' ADA-accessible features, or both in the alternative. Whichever Plaintiff chooses, "the factual contentions [must] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Defendant's Motion (Dkt. 10) is GRANTED.

2. Plaintiff shall file an amended complaint within fourteen (14) days from the date of this order, if she chooses.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of July, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record