## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PATRICIA KENNEDY,**

    **Plaintiff,**                                    **CASE NO.: 8:18-cv-00525-JSM-TGW**

**v.**

**ORION BEACH DEVELOPMENT V, LLC,**
A Florida limited liability company,
d/b/a GULF TOWERS RESORT MOTEL
a/k/a GULF TOWERS MOTEL,

    **Defendant,**
_____/

### DEFENDANT'S MOTION TO STAY MEDIATION PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS

Defendant, Orion Beach Development V, LLC, a Florida limited liability company, d/b/a Gulf Towers Resort Motel, a/k/a Gulf Towers Motel ("Defendant"), pursuant to the Federal Rules of Civil Procedure and Local Rule 3.01, by and through undersigned counsel, hereby files this Motion to Stay Mediation Pending Resolution of Defendant's Motion to Dismiss, and in support states as follows:

### FACTUAL BACKGROUND

1. On March 5, 2018, Plaintiff, Patricia Kennedy ("Plaintiff") filed her initial complaint against Defendant. Doc. 1.

2. On March 23, 2018, Defendant filed a Motion to Dismiss in response to Plaintiff's complaint. Doc. 7.

3. On March 27, 2018, Plaintiff filed an amended complaint against Defendant. Doc. 8.

4. On April 6, 2018, the Court entered an Order denying Defendant's Motion to Dismiss as moot because Plaintiff filed an amended complaint on March 27, 2018. Doc. 9.

5. On April 9, 2018, Defendant filed a Motion to Dismiss in response to Plaintiff's amended complaint. Doc. 10.

6. On July 5, 2018, the Court entered an Order granting Defendant's Motion to Dismiss as to Plaintiff's amended complaint. Doc. 12.

7. On July 12, 2018. Plaintiff filed her second amended complaint against Defendant. Doc. 13.

8. On July 26, 2018, Defendant filed a Motion to Dismiss in response to Plaintiff's second amended complaint. Doc. 14. The issues raised in the currently pending Motion to Dismiss are dispositive of Plaintiff's claims.

9. On October 1, 2018, the Court issues the A.D.A. Scheduling Order. Doc. 23.

10. Pursuant to the Court's A.D.A. Scheduling Order, the parties shall meet within 30 days of the Defendant's written responses to Plaintiff's Answers to Court Interrogatories to mediate this dispute.

11. To date, the Court has not issued an Order as to Defendant's Motion to Dismiss in response to Plaintiff's second amended complaint.

12. Now, Defendant respectfully request that this Court stay mediation until after the resolution of Defendant's Motion to Dismiss.

## MEMORANDUM OF LAW

"It is well-established that district courts have inherent authority to issue stays in many circumstances." *Trembath v. Meritplan Ins. Co.*, No. 8:09-cv-1110-T-17TGW, 2009 WL 2147112, at *1 (M.D. Fla. July 16, 2009) (citing *Oretga Trujillo v. Conover & Co. Comms. Inc.*, 221 F.3d

1262, 1264 (11th Cir. 2000)). In determining whether a stay is appropriate, courts examine several factors: (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff from delay; (2) the burden on defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 642 (W.D. Pa. 2014); *see also Freedom Sci., Inc. v. Enhanced Vision Sys.*, No. 8:11-CIV-1194-T-17-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 31, 2012) (examining whether a stay will (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015).

Here, Defendant is awaiting the resolution of its Motion to Dismiss in response to Plaintiff's second amended complaint. In that motion, Defendant makes compelling arguments as to why the allegations against them should be dismissed. If the Court grants Defendant's Motion to Dismiss, then the case will be resolved in its entirety and engaging in mediation to resolve this dispute would not be necessary. Plaintiff would not be unduly prejudiced or tactically disadvantaged and Defendant would not be burdened by this delay as the outcome of Defendant's Motion to Dismiss would confirm whether mediation is necessary. Further, staying mediation pending the resolution of Defendant's Motion to Dismiss would assist in avoiding unnecessary cost by the litigants and the Court. Moreover, staying mediation would assist parties not subject to this litigation from incurring unnecessary fees and cost.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendant respectfully requests that the Court grant Defendant's Motion to Stay Mediation, and grant any further relief the Court deems just and appropriate.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Middle District of Florida, Local Rule 3.01(g), undersigned counsel hereby certifies that they have conferred with counsel for Plaintiff and counsel for Plaintiff has represented that they oppose the relief requested herein.

Dated: November 8, 2018                    Respectfully Submitted,

**DUNLAP, BENNETT & LUDWIG, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:    (813) 336-0832

/s/ Gus M. Centrone, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@dbllawyers.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@dbllawyers.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2018 a true and correct copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Middle District of Florida through the CM/ECF system that will give notice to all parties of record.

/s/Gus M. Centrone
Attorney